# United States District Court

__MIDDLE__ DISTRICT OF __ALABAMA__

| | |
|---|---|
| **In the matter of the Search of**<br>(Name, address or brief description of person, property or premises to be searched)<br><br>Compaq Presario personal computer, model number SR1330NX, serial number CNH450117F | **APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**<br><br>CASE NUMBER: 2:07mj42-TFM |

I, __Paul T. Miller__ being duly sworn depose and say:

I am a(n) __Special Agent__ and have reason to believe that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

Compaq Presario personal computer, model number SR1330NX, serial number CNH450117F

in the __Middle__ District of __Alabama__

there is now concealed a certain person or property, namely (describe the person or property to be seized)

**See Affidavit**

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**property that constitutes evidence of the commission of a criminal offense, contraband, and property that has been used as a means of committing a criminal offense**

concerning violations of Title __18 United States Code, Section 2252(A)__.

The facts to support the issuance of a Search Warrant are as follows:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

April 10, 2007 @ 5:50 pm                                at    Montgomery, Alabama
Date                                                         City and State

Terry F. Moorer, U.S. Magistrate Judge          _____
Name and Title of Judicial Officer                    Signature of Judicial Officer

**SEARCH WARRANT AFFIDAVIT**

I, Paul T. Miller, being duly sworn, depose and state the following:

I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the Montgomery Resident Agency of the Mobile Division of the FBI. I have been employed by the FBI for 12 months. Prior to my employment with the FBI, I was employed by the Escambia County Sheriff's Office in Pensacola, Florida, the City Police of Gulf Breeze, Florida, and the U.S. Army Military Police. During the 6 years of my law enforcement career, I have received training in the investigation of Computer Crimes and have personally participated as a primary case agent during the investigation of Child Pornography cases. I hold a Bachelors Degree in Computer Science/Computer Information Systems and an additional Bachelors Degree in Information Technology/Computer Technology.

This affidavit is being submitted in support of an application for a warrant to search a Compaq Presario personal computer, model number SR1330NX, serial number CNH450117F, obtained from NORMAN EVANS MCELROY JR., 1828 Rifle Range Road, Wetumpka, Alabama on March 30th, 2007. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received from other individuals, to include other law enforcement officers involved in this investigation and review of records, documents and other physical items obtained during this investigation.

Based upon the investigation described below, I submit that the facts set forth in this affidavit establish that there is

probable cause to believe that in the Middle District of Alabama, on March 30th, 2007, NORMAN EVANS MCELROY engaged in possession and distribution of Child Pornography; and evidence of such crimes is located on the hard drive of the computer to be searched.

Based on your affiant's knowledge and experience, your affiant knows that it is common for individuals involved in the possession and distribution of Child Pornography to maintain files and other digital records used in the course of committing these crimes, on their computer hard drive and other computer storage devices.

On 07/21/2004, information was reported to the National Center for Missing and Exploited Children (NCMEC) Cybertip line by Yahoo stating norman_mcelroy@yahoo.com posted Child Pornography images from Internet Protocol (IP) address 12.91.232.35 to a web page located at http://groups.yahoo.com/group/shully1surplus. Yahoo provided 9 associated Child Pornography images with the Cybertip report.

On 08/11/2004, an Administrative subpoena was served to Yahoo requesting subscriber information for the shully1surplus group. Yahoo provided the following information:

Group Name:        shully1surplus
Description:       "girls must be younger than 15, clothes or not but as little clothing as possible. you must send in three pics to get in. or two good vids nothing copied from pay sites. how that be. pic & vids must be original. email 13 pics to

1                                         littlegrlluvr-17@yahoo.com"

2       Moderator:         norman_mcelroy@yahoo.com

3      On 08/11/2004, an Administrative subpoena was served to

4 Yahoo requesting subscriber information for

5 norman_mcelroy@yahoo.com. Yahoo provided the following

6 information:

7       Login Name:        norman_mcelroy

8       Email:              bomcelroy1966@aol.com

9       IP Address:        12.91.232.35

10      Access Date:       09/08/2002

11      Access Time:       16:53:54

12      Time Zone:         Pacific

13      On 01/26/2005, an Administrative subpoena was served to

14 AT&T WorldNet Services requesting subscriber information for IP

15 address 12.91.232.35 used on 09/08/2002 at 16:53:54 Pacific Time.

16 AT&T WorldNet Services provided the following information:

17      Name:             Norman McElroy

18      Address:          1394 Cubs Place

19                     Prattville, AL 36067

20      Telephone:        334/358-6046

21      Email:             norman.mcelroy@worldnet.att.net

22      On September 15th, 2006, in response to an

23 Administrative Subpoena, Yahoo advised your affiant that Yahoo user

24 name bo_mcelroy@yahoo.com is subscribed to by NORMAN EVANS MCELROY

25 of 346 Renee Way, Elmore, Alabama, who accessed the Yahoo account

26 from IP address 68.207.164.218 on September 11, 2006 and IP address

27 71.12.207.122 on September 3rd, 2006.

28      A cross reference with public databases, as well as the

1  Alabama Law Enforcement Tactical System (LETS) revealed that NORMAN
2  EVANS MCELROY of 346 Renee Way was the same individual who had
3  previously resided at 1394 Cubs Place.
4  　　　　On October 18, 2006, in response to an Administrative
5  Subpoena, Charter Communications advised your affiant that on
6  September 3rd, 2006, IP address 71.12.207.122 was assigned to
7  subscriber MELANIE OSBORN, 143 Thames Drive, Prattville, Alabama.
8  　　　　On October 25, 2006, in response to an Administrative
9  Subpoena, Bright House Networks advised your affiant that on
10 September 11, 2006, IP address 68.207.164.218 was assigned to
11 subscribers ERICA and CURT CAMPBELL, 346 Renee Way, Elmore,
12 Alabama.
13 　　　　On March 29, 2007, MELANIE OSBORN, 143 Thames Drive,
14 Prattville, Alabama, was interviewed where she advised that MCELROY
15 was her ex-boyfriend and that he had access to her computer up
16 until approximately December of 2006.  OSBORN consented to a search
17 of her computer which yielded multiple Child Pornography images of
18 young nude girls, who appeared to be under the age of 12.  OSBORN
19 voluntarily allowed the affiant to take the computer in order to
20 conduct an offsite analysis of the contents of the hard drive.
21 　　　　On March 30, 2007, ERICA and CURT CAMPBELL, 346 Renee
22 Way, Elmore, Alabama, were interviewed and stated that MCELROY had
23 previously resided with them.  They further advised that MCELROY
24 accessed the Internet from their residence from his own computer
25 and MCELROY maintained possession of his computer when he moved.
26 　　　　On March 30, 2007, MCELROY was interviewed at his
27 residence address, 1828 Rifle Range Road, Wetumpka, Alabama.  The
28 affiant and SA James Murray informed MCELROY that he was not under

arrest and that the FBI had reason to believe that there were Child Pornography images on his personal computer. MCELROY acknowledged that he did have Child Pornography images on the computer and had last viewed the images on the previous day, March 29th, 2007. MCELROY further stated that he had previously stored Child Pornography images on the computer of his ex-girlfriend, MELANIE OSBORN, through Limewire file sharing.

     MCELROY's fiancé, STEPHANIE A TATKENHORST, who resides at the same address, advised that she had unrestricted access to their computer, she knew the system login and password, and that she was the one who paid the internet bill. TATKENHORST consented to a search of their Compaq Presario SR1330NX computer system. A preliminary search of the computer revealed the existence of images of young nude girls, who appeared to be under the age of 12. TATKENHORST and MCELROY voluntarily allowed the affiant to take the computer in order to conduct an offsite analysis of the contents of the hard drive.

**COMPUTER RELATED ISSUES**

     The following section of this affidavit is based upon the collective experience gained from previous investigations by the FBI in similar criminal violations, and upon my, and other Special Agents of the FBI, personal knowledge and experience.

     There is reason to believe that computer hardware and computer software were utilized by the subject of this investigation in two respects: as instrumentalities for violating the federal laws, and as devices used to send, collect and store electronic data and records that are evidence of those crimes.

     Based on the evidence summarized earlier in this

affidavit, there is reason to believe that NORMAN EVANS MCELROY used computer(s) to store, maintain, retrieve, transmit and use electronic data in the form of electronic records, documents, and materials, including those used to facilitate communications. This includes logs generated by chat programs, instant mail, file sharing and electronic messages (E-mail) in MCELROY'S email account. Specifically, there is reason to believe that MCELROY used a Limewire file sharing account to store, maintain, retrieve, transmit and used the following electronic data types:

(a) computer software (described above) used for criminal purposes;

(b) logs (transcripts) of chat room and other on-line communications, including open and unopen E-mail messages;

(c) account information (site names, Internet addresses, account names, screen names, passwords, telephone numbers, etc.); and

(d) system accounting and auditing logs, which record the operations occurring on that computer (including criminal activities).

The terms "records," "documents," and "materials" as used above include all of the foregoing items of evidence in whatever form and by whatever means such records, documents, or materials, their drafts, or their modifications which may have been created or stored on the computer hard drive.

The terms "records," "documents," and "materials" also include any and all information and/or data, stored in any form, which is used either for periodic or random back-up, whether

deliberate or inadvertent, or automatically or manually initiated, of any computer or computer system. This includes any media which is capable of storing magnetic coding.

Such electronic data in the form of electronic records, documents, and materials, including those used to facilitate the above described storage and communications, constitutes evidence of the commission of a criminal offense.

Computer storage devices (such as hard disks, diskettes, tapes, laser disks, flash memory) can store the equivalent of thousands of pages of information. Additionally, a user may seek to conceal criminal evidence by storing it in random order with deceptive file names. Searching authorities are thus required to examine all the stored data to determine which particular files are evidence or instrumentalities of criminal activity. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this kind of data search "on-site."

Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications. Thus, it is difficult to know prior to the search which expert possesses sufficient specialized skills to best analyze the system and its data. No matter which system is used, however, data search protocols are exacting scientific procedures, designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely

vulnerable to tampering or destruction (both from external sources or from destructive code imbedded in the system as a "booby trap"), a controlled environment is essential to its complete and accurate analysis.

The search of electronically stored data may entail any or all of several different techniques. Such techniques may include: surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files); "opening" or reading the first few "pages" of such files in order to determine their precise contents; "scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; or performing electronic "keyword" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

**SUMMARY**

Based on the facts as stated above, there is probable cause to believe that the items and materials as stated above can be found on MCELROY's computer currently in FBI custody, which items and materials, constitute instrumentalities, contraband, fruits of crime, and evidence of violation of Title 18, United States Code, Section 2252A.

_____
Paul T. Miller
Special Agent
Federal Bureau of Investigation
Montgomery, Alabama

Subscribed and sworn to before me this /0th day of April, 2007.

_____
U.S. Magistrate Judge

9